RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/17/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ADRIAN RILEY                             DOCKET NO. 1:11-CV-2003; SEC. P

VERSUS                                   JUDGE DRELL

WARDEN, ET AL.                           MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff ADRIAN RILEY, filed in forma pauperis and pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is an inmate in the custody of the United States Bureau of Prisons, and he is presently incarcerated at United States Penitentiary – Coleman I in Coleman, Florida. At the time of filing suit, he was incarcerated at the United States Penitentiary in Pollock, Louisiana. Plaintiff claims that he was sanctioned without due process, and he seeks monetary, injunctive, and declaratory judgments.

*Procedural Background and Factual Allegations*

Plaintiff filed suit on November 7, 2011, but failed to submit a filing fee or application to proceed *in forma pauperis*. [Doc. #1, 3] The case was stricken from the record on March 29, 2012. [Doc. #8] On April 30, 2012, Plaintiff filed a motion for

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983. See Zuspann v. Brown, 60 F.3d 1156, 1157 n. 2 (5th Cir.1995).

reconsideration of the strike order. [Doc. #10] On September 10, 2012, the Court granted the motion, and ordered the Clerk to send Plaintiff a pauper application. [Doc. #12] Plaintiff submitted the application, and was granted "IFP" status on October 4, 2012. [Doc. #16]

On initial review, the Court ordered Plaintiff to supplement his complaint with additional information.

Plaintiff was charged with Offense 224 - Assaulting Without Serious Injury. He received notice of the charge, and the hearing was conducted on October 12, 2011. A staff member reported that on October 6, 2011, Plaintiff was observed taking two food trays from the food line in order to help another inmate get a tray without having his inmate ID. The officer reported that Plaintiff was instructed to return one of the trays, but the Plaintiff walked away. When the officer attempted to stop him from leaving the area, Plaintiff threw both trays at the officer. [Doc. #24, p.3]

Plaintiff disputed the officer's account, but he was found guilty. He was sentenced to 27 days loss of good time and 27 days of disciplinary segregation. [Doc. #21, p.3] Plaintiff appealed; and, in his reply to the Court's order to amend, stated that he "fought this shot with everything I had **and they finally ex it out** proving I didn't do as the officer said." [Doc. #21, p.1 (emphasis added)] Thus, it appears that Plaintiff's disciplinary conviction was expunged.

2

***Law and Analysis***

## I. Loss of Good Time

Plaintiff complains that he initially lost 27 days of good time credit. Based on his amended complaint, it seems that his conviction was expunged; and, presumably, the 27 days were restored. Plaintiff has a projected release date of November 2013. Therefore, it appears that Plaintiff has not spent any additional time in jail as a result of the disciplinary conviction at issue. Because Plaintiff was not incarcerated beyond his release date, there was no harm suffered or damage done to Plaintiff by the expunged disciplinary conviction and restored good time credits.

In the event that the Court misunderstood his Amended Complaint and Petitioner's conviction was not actually expunged, then his complaint is barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997)(extending Heck to prison disciplinary proceedings). A civil rights plaintiff may not recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, until such time as his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. See id. at 486-87.

3

**II. Confinement in Segregation**

Plaintiff also complains that he was wrongfully held in disciplinary segregation because he was actually not guilty of the disciplinary violation. The due process clause only grants prisoners freedom from restraints that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995)). Placement in administrative segregation does not, without more, constitute a deprivation of a constitutionally cognizable liberty interest. Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995)(citing Sandin v. Conner, 515 U.S. 472 (1995)). Plaintiff has not alleged conditions of his segregation that imposed upon him an atypical and significant hardship as compared to the ordinary incidents of prison life. See Sandin, 515 U.S. at 483.

Additionally, Plaintiff has not alleged an Eighth Amendment violation with regard to his confinement in the SHU. Although the constitution "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), conditions of confinement "must not involve the wanton and unnecessary infliction of pain." Id. at 347. The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide "humane conditions of confinement," ensuring that "inmates receive adequate food, clothing, shelter, and medical care...." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Plaintiff has presented no allegations of

4

inhumane conditions in segregation. Finally, §1997e(e) prevents a prisoner who has not alleged a physical injury from seeking compensatory damages for an Eighth Amendment violation. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). Plaintiff has not alleged any physical injury in this case.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF SERVICE SHALL BAR AN**

AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 17th day of April, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE